IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| AUDREY J. LINGLE, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v.  ) | No. 14-CV-6120-SJ-DGK-P |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Movant Audrey J. Lingle ("Lingle") pled guilty to two drug-related charges. She now files a motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255 (Doc. 1). For the reasons below, Lingle's § 2255 motion is DENIED without an evidentiary hearing, and the Court declines to issue a certificate of appealability.

**Background**

The Kansas Bureau of Investigation and the Buchanan County, Missouri, Drug Strike Force jointly investigated methamphetamine trafficking in northeastern Kansas and northwestern Missouri. These agencies concluded that Lingle was involved in this illegal operation.

A federal grand jury returned an indictment charging Lingle with one count of conspiring to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine (Count I), and one count of conspiring to commit money laundering (Count II). Lingle appeared before the Court and pled guilty to the lesser-included charge of Count I, that is, conspiring to distribute a mixture or substance containing methamphetamine, and to Count II.

The parties executed a written plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(B). *See* Plea Agreement, *United States v. Lingle*, No. 11-CR-6011-SJ-DGK-20, Doc. 622 (W.D. Mo. Sept. 12, 2013). The plea agreement expressly waived Lingle's right to collaterally challenge her conviction or sentence "on any ground," except claims of ineffective assistance of counsel, prosecutorial misconduct, and an illegal sentence. *Id.* ¶ 15(b). The plea agreement noted, "An 'illegal sentence' includes a sentence imposed in excess of the statutory maximum, but does *not* include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines . . . ." *Id.* The Court asked Lingle several questions to ensure she understood the plea agreement's provisions, including the waiver:

> THE COURT: Paragraph 15, if you'll turn to that paragraph, please. It's found on page 12. And it's labeled waiver of appellate and post-conviction rights. . . . Paragraph 15 represents the benefit to the government, something you're giving up. By pleading guilty, pursuant to this plea agreement, you're waiving your right to appeal this case or file a post-conviction motion. Even though you don't know what you're going to get yet you're waiving those rights in all respects except for three, which you can't waive, illegal sentence, prosecutorial misconduct, or ineffective assistance of counsel. But in all other ways you're saying, Judge, I'm not going to appeal this or file a post-conviction motion. I'm waiving my rights. Do you understand that?
>
> THE DEFENDANT: Yes, sir.

Tr. of Change-of-Plea Hrg., *Lingle*, No. 11-CR-6011-SJ-DGK, Doc. 968 at 17 (W.D. Mo. Sept. 10, 2013).

Lingle and the Court then generally discussed whether she had had enough time to consider whether to take the plea agreement:

> THE COURT: Did [your attorney] spend sufficient time with you to talk to you about your case, your options, your plea, your defenses?
>
> THE DEFENDANT: Yes, sir.
>
> . . .

> THE COURT: You may have been working on this [plea agreement] for months, or maybe years sometimes. I don't know. Do you know how long you've been working on this thing?
>
> THE DEFENDANT: Quite a while.
>
> THE COURT: Months?
>
> THE DEFENDANT: Months, yeah.

*Id.* at 7–9. Based on these and other representations by Lingle, the Court found that she was knowingly and voluntarily waiving her post-conviction rights. *Id.* at 26.

The Court held a sentencing hearing on February 3, 2014. Upon review of the pre-sentence investigation report, the Court determined that Lingle had a total offense level of 33 and a criminal history category of II, giving her a range of 151 to 188 months' imprisonment under the United States Sentencing Guidelines. The Government's attorney conceded this range was high, and recommended a sentence of ninety-six months' imprisonment to the Court. Lingle's attorney counter-recommended eighty-four months, arguing the equities of her client's case. She added, "Now I wanted to advance for my client's sake, she said—you know, she panics at the thought of 84 months. And she said, well, I—I was hoping I could get somewhere in the five or six-year range, you know." Tr. of Sentencing, *Lingle*, No. 11-CR-6011-SJ-DGK, Doc. 969 at 22 (W.D. Mo. Feb. 3, 2014). The Court sentenced Lingle to ninety-four months' imprisonment. She did not appeal.

Lingle timely filed the instant post-conviction motion on October 27, 2014.

## Analysis

A prisoner in custody for violating a federal law may move the district court under 28 U.S.C. § 2255 "to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A § 2255 motion "is not a substitute for a direct appeal, and is not the proper way to complain about

3

simple trial errors." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (internal citations omitted).

Lingle argues the Court should vacate her sentence on four grounds: (1) the Government violated her plea agreement; (2) her sentence was excessive; (3) ineffective assistance of counsel; and (4) cruel and unusual punishment. Each argument lacks merit.

### I. The wavier of collateral rights in Lingle's plea agreement precludes Grounds One and Two.

The Government argues that the collateral attack waiver in Lingle's written plea agreement forecloses Grounds One and Two. "A defendant may waive the right to seek collateral relief under § 2255." *Ackerland v. United States*, 633 F.3d 698, 701 (8th Cir. 2011). A waiver within a written plea agreement "is enforceable when [1] the claim raised falls within the scope of the waiver, [2] the defendant knowingly and voluntarily entered into the plea agreement and waiver, and [3] enforcement of the waiver would not result in a miscarriage of justice." *Id.*

Lingle's waiver was knowing and voluntary, because she testified that she had had sufficient time to review the plea agreement and that she understood she would not be able to file a post-conviction petition on most grounds. The Court also finds no indication that enforcement of the waiver would result in a miscarriage of justice. Thus, the only remaining issue is whether these two claims falls within the waiver's scope. *See id.*

Lingle captions Ground One, "Violation of plea agreement." However, she does not explain any possible way in which the Government has breached the plea agreement. She states only, "On plea agreement (2) section clearly states that defendant was suppose[d] to rec[ei]ve a lesser charge as stated in indictment of count 1" (Doc. 1 at 4). This statement is confusing, because Lingle *did* plead guilty to a lesser-included offense. But whatever this passage may mean is ultimately irrelevant, because Lingle's waiver precludes collateral attack "on any

4
Case 5:14-cv-06120-DGK   Document 10   Filed 04/07/15   Page 4 of 8

ground." The sole exceptions to that waiver—grounds of ineffective assistance of counsel, prosecutorial misconduct, and an illegal sentence—do not apply here. Therefore, the plea agreement forecloses relief on Ground One. *See id.*

In Ground Two, Lingle argues that her attorney and the Government inaccurately calculated her criminal offense level under the United States Sentencing Guidelines. Even if this argument were cognizable under § 2255, *see Sun Bear v. United States*, 644 F.3d 700, 704–05 (8th Cir. 2011) (en banc), the waiver provision undermines this argument. The plea agreement permits Lingle to collaterally appeal the sentence for an illegal sentence, but specifically notes that an illegal sentence "does *not* include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines." Therefore, her claim falls within the waiver. *See Ackerland*, 633 F.3d at 701.

**II. Lingle fails to establish that her attorney was constitutionally ineffective.**

Lingle's third ground for relief concerns the Sixth Amendment right to effective assistance of trial counsel, which explicitly falls outside of the plea agreement waiver. She generally argues that her attorney was ineffective in three ways.

To establish that counsel's assistance was so ineffective that it deprived the petitioner of her Sixth Amendment rights, she must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficiency under the first *Strickland* prong, the petitioner must overcome the highly deferential judicial review of her attorney's performance, which "indulg[es] a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." *Middleton v. Roper*, 455 F.3d 838, 846 (8th Cir. 2006). An attorney's "strategic choices made after thorough investigation of law and facts relevant to plausible

options are virtually unchallengeable." *Strickland*, 466 U.S. at 690. Both prongs of the *Strickland* test must be satisfied to obtain relief. *Id.* at 697.

Lingle first appears to argue that her attorney rushed her into signing the plea agreement, and that her attorney promised her a sentence not reflected in the final plea agreement. The court may dismiss § 2255 claims without a hearing if the underlying "allegations cannot be accepted as true because they are contradicted by the record." *Thomas v. United States*, 737 F.3d 1202, 1206–07 (8th Cir. 2013). Here, the record flatly contradicts Lingle. At her change-of-plea hearing, Lingle testified that she had been working on the plea agreement for months, and that she was pleased with how her attorney had explained the plea agreement. The Court reviewed the plea agreement in great detail with her, and she indicated she understood it all. Therefore, the Court rejects Lingle's first argument. *See id.*

Second, Lingle argues that her attorney acted against her best interests by recommending that the Court sentence her to at least three years' imprisonment. To begin, after fully arguing the equities of her Lingle's situation, her attorney actually recommended eighty-four months' imprisonment. That recommendation was well below the Guidelines recommendation of 151 to 188 months, and the prosecutor's recommendation of ninety-six months. And her attorney still made sure to note Lingle's preferred sentence: "Now I wanted to advance for my client's sake, she said—you know, she panics at the thought of 84 months. And she said, well, I—I was hoping I could get somewhere in the five or six-year range, you know." The Court sentenced Lingle to ninety-four months.

Lingle's attorney advocated for a sentence well below the Guidelines recommendation, and below what the prosecutor was recommending. Because Lingle fails to explain why her attorney should have argued for less than thirty-six months, when the prosecutor was

recommending more than two and a half times that amount, she fails to surmount the "strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." *Middleton*, 455 F.3d at 846. Therefore, Lingle's attorney was not deficient here.

Finally, Lingle appears to argue that her attorney was deficient in advising her not to appeal. She fails to identify any issue that would have succeeded on appeal, especially given the appellate waiver in her plea agreement. Therefore, Lingle's attorney was not deficient in advising her not to appeal on these grounds.

Lingle has failed to demonstrate any regard in which her attorney was deficient. Thus, Ground Three is denied. *See Strickland*, 466 U.S. at 697 (requiring both deficient conduct and actual prejudice for an ineffective-assistance claim to succeed).

### III. Lingle fails to demonstrate her sentence is a cruel and unusual punishment.

In Ground Four, Lingle argues that her sentence violates the Eighth Amendment's protection against cruel and unusual punishment. *See* U.S. Const. amend. VIII. Because the plea agreement expressly permits Lingle to challenge her sentence as illegal, the Court may entertain this argument. However, "as a matter of law, sentences under the Guidelines are sentences within statutorily prescribed ranges and therefore do not violate the Eighth Amendment." *United States v. Foote*, 920 F.2d 1395, 1401 (8th Cir. 1990). The Guidelines range for Lingle was 151 to 188 months. Because anything within that range would have been permissible, *see id.*, her actual, much lower sentence of ninety-four months does not violate the Eighth Amendment. This ground fails.

### IV. No evidentiary hearing is required or will be held.

Rule 8(a) of the Rules Governing Section 2255 Proceedings requires the habeas court to decide whether an evidentiary hearing is necessary to rule on the motion. "An evidentiary

7

hearing may be denied, however, if the motion, files, and records of the case conclusively show that the movant is not entitled to relief." *Thomas*, 737 F.3d at 1206 (citing 28 U.S.C. § 2255(b)). This showing has been made if "the petitioner's allegations, accepted as true, would not entitle the petitioner to relief." *Id.* (alterations removed).

As discussed above, Lingle's factual claims, even taken as true, do not entitle her to relief. Consequently, no evidentiary hearing is required or will be held. *See id.*

### V. A certificate of appealability shall not issue on any ground.

Because the Court will enter a final order adverse to Lingle, it must grant or deny a certificate of appealability. *See* Rules Governing Section 2255 Proceedings, Rule 11(a). A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claims "debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004). The Court finds that no reasonable jurist would grant any part of this motion, and denies a certificate of appealability accordingly. *See* 28 U.S.C. § 2255.

### Conclusion

Because Lingle's claims lack merit, her Motion to Vacate, Set Aside, or Correct Judgment Pursuant to 28 U.S.C. § 2255 (Doc. 1) is DENIED.

**IT IS SO ORDERED.**

Date: April 7, 2015      /s/ Greg Kays
                         GREG KAYS, CHIEF JUDGE
                         UNITED STATES DISTRICT COURT